CLINTON *et al. v.* FIRST NAT. BANK OF ST. LOUIS, Mo. *et al.*

(Division B.   Oct. 4, 1937.)

[176 So. 250.   No. 32794.]

J. M. Talbot, Brewer & Montgomery, Maynard, Fitz-gerald & Venable, and Roberson, Cook & Luckett, all of Clarksdale, for appellants.

494

**Shands, Elmore, Hallam & Causey,** of Cleveland, for appellees.

498

Argued orally by **Semmes Luckett**, for appellant, and by **H. F. Causey**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

This is an appeal from decrees of the chancery court of Coahoma county. The suit was filed by the First National Bank of St. Louis, Mo., as corporate trustee, and H. J. Miller, also of St. Louis, as individual trustee.

The suit grew out of the issuance of certain bonds on the McWilliams Building in Clarksdale, Miss., secured by a deed of trust executed by R. N. McWilliams and his wife, Kate E. McWilliams. The bonds issued aggregated $275,000, and were in denominations ranging from $100 up to $1000, dated October 1, 1926, and maturing, beginning on October 1, 1927, through October 1, 1938. There was a provision for the acceleration of the maturity of the bonds should default be made in the payment when due. Default was made in the payment of the bonds due April 1, 1932, and the interest thereon. The original trustee was the Liberty Central Trust Company of St. Louis, Mo., which company was consolidated with the First National Bank of St. Louis, and said consolidation was approved by the Comptroller of Currency of the United States on March 23, 1929. The bill of complaint herein was filed on April 1, 1933, and sought, among other things, the foreclosure, not immediately, but ultimately, of said deed of trust and the sale of the property therein described, alleging that the sale at that time would not be advantageous, and that it was best to have a receiver appointed to collect rents and care for the building, until the court should fix a time for the sale of the property.

A number of issues were presented to the court for decision, but it is not necessary to set them forth. The issues before the court when its consent decree of April 24, 1936, was rendered, involved stipulations beneficial to various parties to the suit and adjusted their rights. In this decree are found that condition for acceleration of the debts existed and that provision had been complied with, and that some of the defendants in the prior

decree in 1935 had been given thirty days' notice in which to pay said debts, but had failed to do so, and the court appointed P. B. Woollard of Cleveland, Miss., as special commissioner of the court for the purpose of making a sale of the property. It was provided in this decree, among other things, that: "The successful bidder shall pay, at the time of said sale the sum of $4600, out of which amount shall be paid the sum of $2500 to the solicitors for the complainants, and the sum of $1500 to the complainants as compensation for their service as trustees, and out of the balance of such sum shall be paid the expenses of said sale, the commission to the special commissioner, all cost incurred in this proceeding to be taxed, and the sum of $100 to H. J. Miller to cover his expenses incident to the trial of this cause; and said successful bidder shall also pay in cash, at the time of said sale, in addition to the aforesaid sum of $4600, fifteen per cent of the amount of his bid; the balance of the purchase price for said property may be paid by said successful bidder, in cash, or by the use of said bonds, and such of the interest coupons as shall have matured on the date of the confirmation of said sale, or by the use of any part, or interest in, said bonds, or such then matured interest coupons, which are secured by said deed of trust, when and if said sale shall be confirmed; and for the purpose of using said bonds and interest coupons, as a part of the purchase price for said property by any bidder, the said bonds shall be deemed to have the value which appears on their face, and such of the interest coupons which have matured prior to the date of this decree shall have the value which appears on their face." It was also provided in this decree: "That in the event said property shall sell for less than the said indebtedness herein fixed as secured by the said deed of trust, and for the collection of which the sale of said property has been herein decreed, it is hereby ordered, adjudged and decreed, by the consent of the parties, the court concurring, that a

deficiency judgment shall not and cannot be rendered against the defendants herein, R. N. McWilliams, Kate E. McWilliams, E. L. Anderson, Edgar Lee Anderson, Jr., William King Anderson, or Chauncey Smith.'' It was also provided in paragraph M of said decree that: ''The fifteen per cent required to be paid in cash by the purchaser at the sale ordered herein shall be held by said special commissioner, and ratably distributed by him to the holders of bonds secured by said deed of trust who have not heretofore delivered their bonds to the Bondholders' Committees located at Nashville, Tennessee, and New Orleans, Louisiana, and holding approximately 85 per cent of said bonds as disclosed by the evidence in this cause.''

The court directed the sale to be made under the decree and a report thereof made to the court, which was done. But objections were filed to the sale of the property, and the court, at that time, could not dispose thereof.

On December 18, 1936, the chancellor entered a decree confirming the sale and directing certain payments, among which were payments to the bondholders' committees of Nashville, Tenn., and New Orleans, La. The property sold for $84,000 and was bought in by parties interested in the bond holdings.

From these decrees appeal is here prosecuted. One error assigned and argued is as to the power of the First National Bank of St. Louis, and H. J. Miller, also of St. Louis, trustees, to maintain the suit. Since this argument, a motion has been made to withdraw the assignment of error in that regard, which motion was sustained.

We are of the opinion that the decree dated April 24, 1936, is a final decree so far as the rights of the parties are concerned. In other words, this was a *consent* decree fixing certain rights and granting certain privileges which were important, and in consideration of which the stipulations therein should be held to be final and

binding. It will be noted that in this decree, parts of which are quoted above, there was to be no deficiency judgment rendered against R. N. McWilliams, Kate E. McWilliams, E. L. Anderson, Edgar Lee Anderson, Jr., William King Anderson, and Chauncey Smith, and that the bidders could use the bonds as cash at face value in payment of the bid, and the interest coupons which had matured up to their face value, as to 85 per cent. of the bondholders who had deposited their bonds with these bondholding committees. This, of course, was an important right to bondholders holding a large number of bonds, and gave them a privilege which, otherwise, they would not have had. The stipulations mentioned in that decree are such that would likely influence interested parties in their bidding. Being a consent decree, and concurred in by the chancellor, it should have been adhered to in the distribution of the proceeds. It is clearly stated in this decree that the commissioner should hold 15 per cent. of the bid to be paid in cash, which he should ratably distribute to the holders of bonds secured by the deed of trust who have not heretofore delivered their bonds to the bondholders' committees at Nashville and New Orleans, holding 85 per cent. of the bonds as disclosed by the evidence. This being a material consideration of the decree, it should be held sacred and binding.

We have carefully examined the objections to the report of the sale and to the insufficiency of the price the property brought, and we think it was within the discretion and power of the chancellor to approve the sale of the property at $84,000, although, under normal conditions, it might have brought much more. There was testimony to show that it was worth $200,000, but the parties having an opportunity to bid, and who had bid on the property a number of times, had instructed their bidders not to bid higher than $84,000, and we see nothing in this record from which we could safely hold that property of this magnitude being sold then would bring

any considerable amount in excess of $84,000, under the conditions then existing. Mere disparity between actual value of property, in the opinion of witnesses, and the price it brings at an open and public sale, is not enough to warrant us in setting aside the chancellor's decree upon this proposition.

That part of the decrees confirming the sale of the property is affirmed, but that part of the decrees which is inconsistent with the stipulations set forth in the decree of April 24, 1936, is reversed in order that the chancellor may fully comply with the views herein expressed. The decrees for distribution are set aside, and the cause remanded for proper decree in accordance with the views herein expressed.

Reversed and remanded.